IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARL A. HAYSLETT, and<br>WYNETTA L. HAYSLETT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 18-00317-CV-W-ODS |
| vs. | ) | |
| | ) | |
| BOOTS SMITH OILFIELD<br>SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Pending is Plaintiffs' Motion to Remand.  Doc. #25.  For the following reasons, Plaintiffs' motion is denied.


## I.      BACKGROUND

In April 2018, Plaintiffs Carl Hayslett and Wynette Hayslett filed a lawsuit against Defendant Boots Smith Oilfield Services, LLC, in the Circuit Court of Jackson County. Doc. #1-1.  That same month, Defendant removed the case to this Court, alleging this Court had jurisdiction based upon diversity of citizenship. Doc. #1.  The matter has been pending in this Court since that time.  Discovery has been completed, and the time for filing dispositive motions has passed.  Doc. #11.  On January 8, 2019, Plaintiffs filed a motion to remand.  Doc. #25.  Defendant filed its opposition to the motion.  Doc. #27. Plaintiffs did not file a reply, and the time for doing so has passed.  L.R. 7.0(c)(3).


## II.     DISCUSSION

Plaintiffs argue the Court no longer has jurisdiction because the amount in controversy is now $75,000; thus, the Court must remand the matter.  According to Plaintiffs, circumstances have changed in that (1) Carl Hayslett's physician is unable to state to a reasonable degree of medical certainty that his femur fracture was the result of the automobile accident from which this lawsuit arises; (2) the total amount of paid

medical bills under workers' compensation is less than $10,000; and (3) Plaintiffs amended their interrogatory answers to reflect their damages are $75,000.

The United States Supreme Court has held the status of a case as disclosed in a plaintiff's complaint is controlling when it is removed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). Even if, post-removal, events occur that reduce the amount recoverable, the district court's jurisdiction is not divested." *Id.* at 292. Also, the district court's jurisdiction is not deprived if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount." *Id.*; *see also Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (holding "[a] subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal.").

At the time of removal, Plaintiffs alleged Carl Hayslett suffered "permanent, painful and progressive injuries to his low back, hips and legs…general bodily weakness and degeneration of his health, limitation of motion and inability to enjoy life." Doc. #1-1, at 3. They sought damages for his lost income, costs of past and future medical care, and pain and suffering. *Id.* at 3-4. Plaintiffs also asked to compensate Wynetta Hayslett for the loss of "consortium, society, companionship and services" of Carl Hayslett. Doc. #1-1, at 3-4. Based upon Plaintiffs' allegations, a fact finder could legally conclude their damages exceeded the amount in controversy. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009).

This Court had jurisdiction at the time of removal. Contrary to Plaintiffs' argument, events occurring after removal that reduce the claims below the requisite amount do not divest this Court of jurisdiction. *St. Paul Mercury Indem. Co.*, 303 U.S. at 291-92; *Hatridge*, 415 F.2d at 814. Accordingly, the Court denies Plaintiff's motion.

### III.    CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to remand. The pretrial conference remains scheduled for May 1, 2019, and the trial will commence on

June 17, 2019. The Court's Scheduling and Trial Order sets forth the deadlines and requirements associated with the pretrial conference and trial.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

DATE: February 7, 2019